'\-791 ev

CAUSE: 2001-CI-16843

| | | |
|---|---|---|
| MICHAEL THOMAS PAUL (PLAINTIFF) | § | IN THE DISTRICT COURT |
| VS | § | # 225 |
| GREG ABBOT ATTORNEY GENERAL FOR THE STATE OF TEXAS (DEFENDANT) | §  § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ANSWER TO DISTRICT COURT'S ATTORNIES
## CLAIM OF NON INDIGENCY OR IN THE ALTERNATIVE FRIVILOUS APPEAL

pLAINTIFF is pro se. The hearing set and heard in presiding court Bexar County on December 5th, 2014 was requested by DINAH GAINES, Chief Staff Attorney Bexar County Civil District Courts as a malicious filing in an attempt to silence this cause once and for all. Let it be known that respondents first attorney RANDOLPH V. GONZALEZ - SBN:08131200 appeared October 17 and filed a motion for continuance stating that no notice had been given per Tex. R. Civ. P. 21 and that he needed more time to prepare an answer since he was unfamiliar with the particulars of the filed suit. Plaintiff will show E-file and E-serve confirmation on October 06, 2014 to Attorney General who sent Mr. GONZALEZ because he had represented the defendant in Justice Court, Comal County, Texas on September 20th, 2014 regarding this exact issue. Plaintiff never having had to plea a civil case and who had not been in a civil courtr since 2002 was unfamiliar with the Texas Rules of Civil Procedure when he filed in small claims court for $10,000 plus damages and other relief as the court would see fit. Because there was a lack of concurrent inherent jurisdiction the Justice stated she was not eligible to make any rulings and had to grant the defendants motion to dismiss for lack of jurisdiction. Again being a novice Propia Persona litigant Plaintiff was unaware regarding the legalese language when the judge granted the motion with prejudice vs. no prejudice, or he would have objected to the motion. Plaintiff stopped at the clerks office before leaving the facility as to enquire of the Judge if he needed to file in Bexar County which was the correct court having jurisdiction or was an appeal necessary first. The clerk returned and stated that the judge said if he wanted to file an appeal it must be done within 10 days

and he was free to make his own decision since they could not give legal advice. Plaintiff believing that he just needed to file in the proper court that retains jurisdiction in family court cases as dedicated by the Judicial Court System in TEXAS and the states constatution designating the 225th of Bexar county as a family court and was the originating court being the court of inherant and concurrent jurisdiction making it the only court allowed to hear pleadings regarding this cause. Plaintiff attempted to efile the ncessary documentation to reopen the initial cause which is the subject of this suit but was denied by the clerks office on more than one occasion. The First time was told that this cause is closed and that a new affidavit of Indigency had to be submitted to file in original cause. Plaintiff filed in person and submitted new affidavits of inability to pay court costs stamped September 22, 2014 with two stamped copies sent for service of notice by the Sheriff and set the matter for hearing October 5th. The next afternoon the Plaintiff receives an email from the district clerks office stating that the petition submitted had nothing to do with the original divorce and it was being issued a new cause number. Plaintiff replied to the email stating that the petition was everything to do regarding the divorce proceeding and if the clerks office attempted to bypass the record then plaintiff would be forced to report the issue for a judicial review. October 05th, 2014 hearing in presiding was scheduled when initial filing was done September, 22, 2014. Plaintiff was not on the docket for the case he filed into but instead had received a new case number from the clerks office and was asked if he could show service to the opposing party. Plaintiff didn't receive the return of service from the sheriff as required so he asked for the courts leave to return to the District Clerk who was to effect service where he was told that since the cause number was a new one he would need to refile requests for service under the new number as the notices were not served. Plintiff enquired to the clerk he sent the reply email to on September 23 and was told by the clerk that he was told to do it. Plaintiff demanded the filing be placed into the original cause and had to complete another set of request for service which was a duplicate to what was filed on September 22, 2014. Plaintiff returned to presiding court and made a formal complaint to the court clerk regarding the intentional misfiling of his petition and requests for service and asked if the judge would see him. Because the presiding judge was still on the bench and had overheard the conversation she agreed to hear from the plaintiff but stated she could make no ruleings regarding the petition for temporary injunction and declaratory relief without showing proof of service.

After reading the petition and seeing the attached exhibits as evidence regarding the petition for declaratory relief and temporary injunction the presiding judge stated that theplaintiff should go out front and file a setting for a new date. Plaintiff did as instructedand was giving the earliest date October 17, that the court was hearing newly docketed pleas then proceeded to give notice tothe defense regarding the new date.

There has been multiple attempts to keep this case from being justly adjudicated and plaintiff contends that the district clerks office including the staffattorney are corrupt and have violated procedures and even laws regarding the theft of Federal Benefits in excess of $11,600 from plaintiffs Social Security Disability. Plaintiff learned through the staff attorney before she knew whom he was, that there had been no filings in the original case since the divorce decree of May 2002. Upon learning this information plaintiff began to suspect that there was more than just the intentional filing of a civil judgment claiming he owed $5,140.00 to the state and it appeared on his credit reports causing emotional distress, pain and suffering and his public image was so defamed to make him appear as a DEAD BEAT DAD for not paying his child support as ordered by the court. The only problem with that is a Termination Order relinquishing the parent child relationshipwith his daughter that ordered ex parte in December of 2004 ending with "no other relief so ordered." Had the plaintiff been so behind in his support to the child itwould have been pleaded heavily by the state and a request for an order for contempt to compel payment issued. Yet the state made no claims and the Oblige also made no claims as to not receiving support payments. Then 6 months after the termination the US Social Security Administration receives a second writ for withholding for garnishment of wages that continue through 2008 when plaintiff finally learns that the withholding was being paid to the state of Texas and not his son in California, accumulating to $11,600 as reported by an audit he initiated after providing the order to the administration from the December 2004 termination which stopped the garnishments administratively from further payment. Plaintiff then received a court stamped judgment for an additional $5140.00 lien and was issued against REAL property had the plaintiff had any. Plaintiff telephoned the District clerk and stated that he owed nothing and thathe was a victim of theft by deception and that the lien was not dully owed. The clerk stated that he needed to contact the attorney generals office directly which is what he didand was immediately told that they wouldconduct an internal investigation and would get back with him. But more than likely the money had been paid to the oblige, plaintiffs ex wife and that if that were the case then he would need to take her to court to recover his money.

Every time plaintiff would call Austin to the office of the attorney general to inquire of the investigation he was placed on hold for 15 to twenty minutes before anyone would reply and their answer was always we still are doing an investigation but rest assured as soon as we determine what has happened you will be the first to know. Then in 2013 Plaintiff learns that the civil judgment had been reported to all three major credit bureaus and when he would inquire they would always state that they had verified the claim and he owed it. Plaintiff requested investigations to the factual legitimacy of the lien but was never given any reply. Then in 2014 when it was still appearing on his credit reports, plaintiff gave written notice to cure the defect or face civil penalty upon which the investigations concluded that there was an error and the civil judgments were deleted. Plaintiff states Judgments as plural since there was also a fraudulent claim from Salano County California showing as receiving payments for child support and even had claimed some as 30-60-90 late but the account was showing paid and current. That is why Plaintiff thought the payments were for his son in california. The reporting bureau has sent a letter showing complete deletion of these false claims.

It is at this point in time that plaintiff filed formally with the Attorney Generals Chief Ombudsman requesting relief to have what was removed from him returned. No statements of suit seeking extra damages just return what was wrongfully taken. Since the Office of the attorney general Chief Ombudsman is to initiate the report and contact the reporting party every quarter until final resolution and no administrative claim can be made that the investigation is completed and close the complaint which is required by the Texas Government code. Plaintiff learned through the district clerks new online eservice that the court record showed 5 entries between 2003 and 2008 and plaintiff stated that no notice had been given per Tex. R. Civ. P. 21 not once but twice regarding the entries in the clerks database as to appear that orders were entered by a judge. Plaintiff has since learned in the filing of this petition that the entries are just that. Entries with no supporting documentation or actual orders issued by a district judge and the first was a change in place of payment and payee from 2003 which led plaintiff to believe the entire time that the money was redirected to someone other than the original oblige and here he was being told up until September that he needed to try and get it from the oblige.

The OAG's office of child support enforcment and Mary Morton and her representing lawyer Mr. Randolph V. Gonzales SBN 08131200 filed their answer in Justice court stating that his only recourse is to sue the oblige as he has non other. because they didn't have his money.

Between the intentional deceptive tricks and tactics to keep plaintiff from recovering his money that was illegally seized and entries in the clerks database that have no basis in fact other than they just appeared 2 years ago when they weren't' there the year before. And a payment record given to plaintiff by the assistant attorney general Randolph Gonzalez which states that only $7,462.89 was ever owed and collected by the OAG child support enforcement division is just another of the non truthes entered by the office of the attorney general in this cause especially since there was an official audit by the Social Security Administration and subsequent stamped copy of payments from local office clearly showing $11,600.00 makes the entry of a fraudulent court document filed which constitutes a commission of a crime since the supposed judgment with lien was aginst real property in the state.

It is at this point in time where plaintiff demands a judicial review of the district clerks office of Bexar County Texas and there conspiracy to hide the truth and to continuously harass the plaintiff and file against a known physically disabled and indigent citizen claiming he is not indigent to protect those that knowingly forged the electronic database.

Plaintiff further request sanctions against the District Court Attorney as well as sanctions against the office of the attorney generals which has and continues to file mis statements of fact and will even have an assistant attorney general commit perjury in open court to delay the hearing so a new motion can be filed and heard before a retired comptroler of the State who ignores facts, has no record before him and doesn't recognize case law such as the stripping doctrine. Pending filed motions that needed to be addressed were summerily over ruled before the defendants ineligible claim to sovereign immunity which was pleaded claiming there was never a authorization nor agreement by the state to waive thier immunity and thus granted the dismissal of plaintifs claims with perjudice and stating that this case has been fully adjudicated and can not be heard again even though the state legislature has deemed the only reason for suit against the individual in his capacity as an employee of the state.

The only real motion for dismissal is the one not attempted for limitations. But Plaintiff has been sent a demand for payment from an automobile accident he had last June 5 where the guard rail and cable was damaged when his automible struck the

center devider on loop 1604 and Ih 35 interchange totaling his 2012 KIA and leaving him no transportation. The Department of Motor Vehicles demanded payment for said obligation and sent him a demand for payment letter. Fortunatly the plaintiff had comprehensive and collission insurance which not only replaced his totaled vehicle but also paid the demand from the state which stated that there is no limitations to an obligation owed under Texas Civil Practice and Remedies Code chapter 16 16.061 'Rights not Barred'.

Wherefore the Sovereign state assumes a position when an obligation is due: Plaintiff now assumes that same position as afforded the sovereign since the plaintiff is sovereign himself least a document can be produced by the State which clearly denies the plaintiff the right to soverignity.

Under this premis of the same position as the state regarding an obligation to return said obligation owed for a claim of damage to the sovereign. Plaintiff seeks return of sovereign's obligation to the plaintiff since there is nothing in the laws of texas that clearly states that the sovereign can keep property which clearly belongs to another.

The plaintiff would pray this court to make all orders sought for the futherance of justice. And to notify all those that would use the power of this court to take advantage of others through trickery and deception presented to this honerable court, that if cought they will pay a heavy price.

Pleader attests that the statements made in this affadavit are truthful and accurate to the best of his knowledge and attests to the same here on.

Sworn this day 20th December 2014 in the county of Comal.

Michael Thomas Paul
Propia Persona
9123 Easy Street
San Antonio, Tex 78266
(210)294-4533

NOTICE. THIS FORM CONTAINS SENSITIVE DATA.

Cause Number: __2001-CI-16843__

Petitioner/
Plaintiff      MICHAEL THOMAS PAUL

Defendant     GREG ABBOTT ATTORNEY GENERAL
Respondent/ FOR THE STATE OF TEXAS

In the

__225TH__   ☒ District Court
             ☐ County Court at Law
             ☐ Justice of the Peace

__BEXAR__                    County, Texas

# Plaintiff's Amended Affidavit of Indigency for APPEAL
### (Request to Not Pay Court Fees)

Use this form to ask the court not to charge you for court fees. This form is also called an "Affidavit of Inability to Pay Court Costs" or a "Pauper's Oath." You can only use this form if (1) you get public benefits because you are poor, or (2) you can't pay court fees. The information you give on this form must be correct, complete, true and correct.

You must either 1) sign this form in front of a notary public or 2) sign this form and sign and attach a completed "Unsworn Declaration" form. By signing in front of a notary, you swear under oath that the information provided is true and correct. By signing and attaching an "Unsworn Declaration" form, you declare under penalty of perjury that the information provided is true and correct.

You can be prosecuted if you lie on this form.

The court may or may not approve this request to not pay court fees. The court may order you to answer questions about your finances at a hearing. At that hearing you will have to present evidence to the judge of your income and expenses to prove that you have no ability to pay court fees.

① The person who signed this affidavit appeared, in person, before me, the undersigned notary, and stated under oath:

"My name is  __MICHAEL THOMAS PAUL__            My phone number is ( __210__ ) __294-4533__
"My mailing address is  __9123 EASY STREET SAN ANTONIO, TEXAS 78266__
"My email address is  __MTP7389@HOTMAIL.COM__

"I am above the age of eighteen (18) years, and I am fully competent to make this affidavit. I am unable to pay court costs. The nature and amount of my income, resources, debts, and expenses are described in this form.

② "I receive these public benefits/government entitlements that are based on indigency:

SSI        WIC        Food Stamps/SNAP        TANF        X Medicaid        CHIP        AABD
Needs-based VA Pension        County Assistance, County Health Care, or General Assistance (GA)
X LIS in Medicare ("Extra Help")        Community Care via DADS        X Low-Income Energy Assistance
Emergency Assistance        Child Care Assistance under Child Care and Development Block Grant
Public Housing        Other:

③ "My income sources are stated below.
X Unemployed since: date  __2002__                                -or-
Wages: I work as a                                               for

Child/spousal support    My spouse's income or income from another member of my household if available.
Tips, bonuses    Military Housing    Worker's Comp    Disability    Unemployment  X Social Security Disability
Retirement/Pension    Dividends, interest, royalties    2nd job or other income:

④ "My income amounts are stated below.
(a) My monthly net income after taxes are taken out is:                           $ 795.00
(b) The amount I receive each month in public benefits is.                       + $
(c) The amount of income from other people in my household is:                   + $
(d) The amount I receive each month from other sources is:                       + $ 100.00
(e) My TOTAL monthly income is        Add all sources of income above→          = $ 895.00

© TexasLawHelp.org - Affidavit of Indigency, February 2014

③ About my **dependents**: "The people who depend on me financially are listed below:

|   | Name | Age | Relationship to Me |
|---|------|-----|--------------------|
| 1 |      |     |                    |
| 2 |      |     |                    |
| 3 |      |     |                    |
| 4 |      |     |                    |
| 5 |      |     |                    |
| 6 |      |     |                    |

⑥ "My property includes:

| | Value* |
|---|---|
| Cash | $ 2.00 |
| Bank accounts, other financial assets (list) | |
| RBFCU CHECKING ACCT | $ 98.00 |
| RBFCU SAVINGS | $ 5.00 |
| | $ |
| Vehicles (cars, boats) (List make and year) | |
| 2014 KIA RIO FL | $ 14,000 |
| | $ |
| | $ |
| Real estate (house or land) (Do not list the house you live in.) | |
| | $ |
| | $ |
| Other property (like jewelry, stocks, etc.) (Describe) | |
| 2002 PROWLER 32' RV | $ 2,000 |
| | $ |

Total value of property → = $ 16,105

⑦ "My monthly expenses are.

| | Amount |
|---|---|
| Rent/house payments/maintenance | $ 45.00 |
| Food and household supplies | $ 200.00 |
| Utilities and telephone | $ 127.00 |
| Clothing and laundry | $ 30.00 |
| Medical and dental expenses | $ |
| Insurance (life, health, auto, etc) | $ 88.48 |
| School and child care | $ |
| Vehicle payments | $ |
| Gas, bus fare, auto repair | $ |
| Child / spousal support | $ |
| Wages withheld by court order | $ |
| Debt payments | $ |
| Other expenses (Describe) | $ |
| PAY PAL CREDIT | $ 35.00 |
| FINGERHUT | $ 25.00 |
| FUEL FOR CAR AND HOME | $ 200.00 |

Total monthly Expenses → = $ 750.48

⑧ "My debts include: _____ METHODIST STONE OAK HOSPITAL $850.00, CITY OF SAN ANTONIO FIRE/EMS $1881.00, BRIGHT SMILE FINANCE $750.00

***due to file size limit online documentation will be provided at hearing 12/22/14 as required

To list any other facts you want the court to know, such as unusual medical expenses, family emergencies, etc., attach another page to this form and label it "Exhibit. Additional Supporting Facts." Check here if you attach another page.

⑨ **"I am unable to pay court costs. I verify that the statements made in this affidavit are true and correct."**

⑩ **Your Signature.** _____

12/19/2014

State of Texas
County of  Guadalupe
(Print the name of county where this Affidavit is notarized)

Sworn to and subscribed before me today, 12/19/14 , by Michael Thomas Paul
*Print name of person who is signing this Affidavit*
*NOT the notary's name*

AMANDA YBARRA
Notary Public
State of Texas
My Comm. Exp. 03-04-2017

MICHAEL
PAUL

© TexasLawHelp.org - Affidavit of Indigency  February 2014



File Edit View History Bookmarks Tools Help
eFiling for Texas
txcourts.gov
Most Visited  Getting Started  2001 Ford Ranger Wiri...  2a-subject-matter-juri...  BenefitsCheckUp  Bexar County County ...  CashNetUSA (2)  CashNetUSA  CIVIL PRACTICE AND ...  coa.tx Defamation da...  »

Details

| | |
|---|---|
| Precept Without Hearing S | $0.00 |
| Precept Without Hearing S | $0.00 |
| Abstract of Judgment | $0.00 |
| Notice of Hearing Served I | $0.00 |
| Temporary Injunction Serv | $0.00 |
| Abstract of Judgment | $0.00 |
| Notice of Hearing Served I | $0.00 |
| Precept Without Hearing S | $0.00 |
| Temporary Injunction Serv | $0.00 |

## Rejection Information

| Rejection Reason | Date / Time | Rejection Comment |
|---|---|---|
| Incorrect/Incomplete | 10/6/2014 8:58 AM | THE LEAD DOCUMENT IS A CCIS FORM, NOT A REQUEST. SELECT THE CORRECT FILING CODE. ALSO THE CASE IS CLOSED, SO A NEW AFFIDAVIT OF INABILITY IS NEEDED. MARC G |

## Documents

| | | |
|---|---|---|
| Lead Document | CivilCase_InformationSheetSIGNED.pdf  [Original] | 451,817 bytes |
| Attachments | | |
| Attachments | Request_Abstract_Judgment_WritOfExecution for presiding.pdf  [Original] | 127,981 bytes |

## eService Details

| Status | Name/Email | Firm | Served | Date/Time Opened | Log |
|---|---|---|---|---|---|
| Sent | office of attorney general<br>csd-filer-303@texasattorney | | Yes | Not Opened | View |
| Sent | DRO Legal Enforcement<br>DRO-Legal@tarrantcounty.c | Tarrant County Domestic Relations Office | Yes | 10/6/2014 10:15:04 A | View |

🗘 **Request**

SERVICE ATTNY GENERAL
10/6

Print Preview    Close

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA
NCP Name:    MICHAEL T PAUL
CP Name:     BRANDY L WOOLVERTON
OAG Number: 0010037209

CAUSE NUMBER S214025

| MICHAEL THOMAS PAUL | § | IN THE JUSTICE COURT |
| | § | |
| VS | § | PRECINCT NUMBER TWO |
| | § | |
| OFFICE OF THE ATTORNEY GENERAL CHILD | § | |
| SUPPORT DIVISION AND MARY MORTON | § | COMAL COUNTY, TEXAS |

### ORDER DENYING PLAINTIFF'S REVISED PETITION: SMALL CLAIMS COURT AND GRANTING THE OFFICE OF THE ATTORNEY GENERAL AND MARY MORTON'S MOTION TO DISMISS AND MOTION TO DISMISS ON PLEA TO THE JURISDICTION

On the 18th day of September, 2014 the Court held a hearing in this cause.

The ATTORNEY GENERAL and MARY MORTON, Defendants, appeared by an Assistant Attorney General.

MICHAEL THOMAS PAUL, Plaintiff, appeared Pro Se.

A record of the proceedings was made by _____

The Court heard and considered the pleadings, the arguments of Counsel, and the evidence properly submitted and finds that the Plaintiff's Revised Petition: Small Claims Court is DENIED. The Court further GRANTS the OFFICE OF THE ATTORNEY GENERAL and MARY MORTON's Motion to Dismiss and Motion to Dismiss on Plea to the Jurisdiction.

IT IS THEREFORE ORDERED that MICHAEL THOMAS PAUL's Petition and Pleadings are all hereby dismissed with prejudice IT IS FURTHER ORDERED that all any and all relief requested but not granted is hereby DENIED.

Signed this ___ day of _September_, 2014

Original Signed by:
Susan Stacy
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

RANDOLPH V. GONZALEZ - SBN: 08131200
Attorney of Record
Child Support Division
106 S. St. Mary's St., Ste. 445
San Antonio, TX 78205
Telephone No. (210) 804-6400
Fax No. (210) 930-3625

EXHIBIT: ASSISTANT ATTORNY GENERAL  GONZALEZ PURJURY CLAIM TO JUDGE MERY,NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE  TO DELAY THE COURTON NOVEMBER 17, 2014.

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

NCP Name:   *MICHAEL T PAUL*
CP Name:    *BRANDY L. WOOLVERTON*
OAG Number: 0010017209



## CAUSE NUMBER *S214025*

| | | |
|---|---|---|
| MICHAEL THOMAS PAUL | § | IN THE JUSTICE COURT |
| *VS.* | § | PRECINCT NUMBER TWO |
| OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION AND MARY MORTON | § § | COMAL COUNTY, TEXAS |

**THE OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION AND MARY MORTON'S TRIAL BRIEF IN SUPPORT OF THE OFFICE OF THE ATTORNEY GENERAL AND MARY MORTON'S MOTION TO DISMISS ON PLEA TO THE JURISDICTION**

### TO THE HONORABLE JUDGE OF SAID COURT:

The OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION and it's employee, MARY MORTON, (hereinafter Movants) filed a plea to the jurisdiction objecting to the court's exercise of subject matter jurisdiction over the cause of action as alleged by Plaintiff's, MICHAEL THOMAS PAUL's, (hereinafter Non-Movant) Revised Petition and requests the Court to dismiss Plaintiff's cause of action on the Plea to the Jurisdiction, and in support thereof, shows the Court the following:

### I.
### FACTS/PROCEDURAL HISTORY

A.   On August 11, 2014, Non-Movant, MICHAEL THOMAS PAUL, filed his lawsuit alleging over payments on court ordered child support payments to the custodial parent for over a three year period. Non-Movant seeks monetary relief from the Movants, in the amount of $10,000 plus damages for 'REAL PHYSICAL HARM" and statutory interest and court costs.

B.   Non-Movant alleges that Movants provided child support services to the custodial parent and continued to withhold support after the support obligation legally terminated.

C.   Non-Movant further alleges that Movants filed a false claim in State District Court to "garner Civil Judgment that appears/appeared on personal Credit Bureau".

D.   Non-Movant does not plead facts indicating a constitutional provision or statute that clearly and unambiguously waives sovereign immunity in these various claims.

E.   Non-Movant does not plead facts indicating the Legislature's consent to pursue this suit against the state or a public official.

F.   In their individual capacities, the Movants, and all persons acting on behalf of the State of Texas participating in this cause have sovereign and official or quasi-judicial immunity from suits or liability for attorney's fees.

EXHIBIT: ASSISTANT ATTORNY GENERAL GONZALEZ PURJURY CLAIM TO JUDGE MERY,NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE TO DELAY THE COURT NOVEMBER 17,2014.

monetary judgments, damages or other monetary relief, except as provided by law, when acting within the discretion, course, and scope of their official duties at all times relevant to Non-Movant's claims.

## II.
## ARGUMENTS ON PLEA TO THE JURISDICTION

A.      Movants can demonstrate that this Court does not have subject matter jurisdiction over this cause of action and that Non-Movant's cause of action should be dismissed on the plea to the jurisdiction on the contentions and affirmative defenses set forth herein based on the doctrine of sovereign immunity.

B.      Movants pled both a plea to the jurisdiction on the doctrine of sovereign immunity and raised the affirmative defense of sovereign immunity to Non-Movant's claims. The doctrine of sovereign immunity appliesto lawsuits seeking to award monetary relief against governmental entities and their employees or public officials unless a constitutional provision or statute clearly and unambiguously waives sovereign immunity from suit. This is true regardless of whether Movant has asserted a valid claim of ultra vires conduct; a violation of due process rights; or the intentional tort of fraud. No matter how Non-Movant couches his pleading, what is sought is a money judgment for the alleged overpayment of child support in an amount in excess of $10,000 plus damages for 'REAL PHYSICAL HARM" and statutory interest and court costs from Movants, undisputedly a governmental entity and its employee. Non-Movant, however, has failed to identify any constitutional provision or statute that clearly and unambiguously waives sovereign immunity from suit. The Non-Movant is precluded from seeking monetary relief from the Movant or any of its employees on any of his alleged claims.

C.      Non-Movant's exclusive remedy for support paid in excess of the support order is found in Texas Family Code Provision § 154.012. This provision provides that if an Obligor is not in arrears and the Obligor's child support obligation has ended, the Obligee shall return excess proceeds to the obligor. An Obligor can file suit to recover a child support payment in excess of the support obligation against the Obligee. Movants had closed its case in April 2009, shortly after being informed that Non-Movant's parental rights had been terminated in 2005. Neither the Non-Movant or the Obligee had previously informed the Movants of said termination order prior to 2008. There is no legal basis for payment by Non-Movant of the excess proceeds. Non-Movant's sole remedy is a suit against the Obligee pursuant to Section 154.012.

## III.
## AUTHORITIES ON PLEA TO THE JURISDICTION
### *SOVEREIGN IMMUNITY GENERALLY*

A.      Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted by a plea to the jurisdiction. *Texas Dept. of Transportation v. Jones*, 8 S.W. 3d 636, 637 (Tex. 1999). Whether a court has subject matter jurisdiction is a question of law. *Texas Natural Resources Conservation Comm'n v. IT-Dmy*, 74 S.W. 3d 849, 855 (Tex. 2002). Sovereign immunity deprives a trial court of subject matter jurisdiction in suits against

EXHIBIT: ASSISTANT ATTORNY GENERAL GONZALEZ PURJURY CLAIM TO JUDGE MERY,NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE TO DELAY THE COURT NOVEMBER 17, 2014.

the State and its agencies and officials, unless the State has clearly and unambiguously consented to be sued. *See Tex. Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). Moreover, because sovereign immunity from suit deprives a trial court of subject-matter jurisdiction, it cannot he waived and may be raised at any time. *See Miranda,* 133 S.W.3d at 224; *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d at 445 (Tex. 1993).

B.  Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *Travis County vs. Petzel and Associates,* 77 SW3d 246 (Tex. 2001). Even if the legislature consents to a suit, the government is still protected from liability. *Petzel,* supra.

C.  Sovereign immunity also bars suits that seek to control state action. *See Foster v. Teacher Ret. Sys.,* 273 S.W.3d 883, 886 (Tex. App.-Austin 2008, no pet.). Absent an express waiver of its sovereign immunity, the State is immune from suit. *See State v. Holland,* 221 S.W.3d 639, 643 (Tex. 2007).

D.  It is the plaintiff's burden to establish the State's consent to suit. *IT-Davy,* 74 S.W.3d at 855. First, only the Legislature may waive sovereign immunity. *See IT-Davy,* at 857 (reaffirming that it is the Legislature's sole province to waive or abrogate sovereign immunity). Second, any waiver of sovereign immunity must be in clear and unambiguous language. *See Tooke v. City of Mexia,* 197 S.W.3d 325, 332-33 (Tex. 2006).

E.  Non-Movant does not plead a waiver of sovereign immunity for any of his claims (overpaid child support payments: "Real Physical Harm" and court costs), nor does he request prospective injunctive relief or declaratory relief. *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 369 (Tex. 2009). This Court should dismiss Non-Movant's cause of action because his suit for damages is not recognized by any textual exception to Movant's sovereign immunity. *See Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex. 1997) (state agencies are immune from liability in Texas unless the Legislature waives that immunity); *see also* TEX. GOV'T CODE § 311.034 (codifying common-law standard for immunity waiver: "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is affected by clear and unambiguous language.").

### *CLAIM AGAINST MARY MORTON*

A.  Absent waiver by the legislature, sovereign immunity generally deprives courts of subject-matter jurisdiction over suits against the State, its agencies, or officers or employees acting within their official capacity. *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 369-76 (Tex. 2009). In its attempt to invoke this court's subject-matter jurisdiction, Non-Movant, sues MARY MORTON, an employee of the OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION. *See id.* at 372-73, 377. Sovereign immunity does not bar suits for prospective injunctive or declaratory relief to restrain the official from violating statutory or constitutional provisions because, in concept, acts of state officials that are not lawfully authorized are not considered to be acts of the State, and the remedy of compelling

EXHIBIT: ASSISTANT ATTORNY GENERAL GONZALEZ PURJURY CLAIM TO JUDGE MERY, NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE TO DELAY THE COURT NOVEMBER 17, 2014.

such officials to comply with the law, while binding on the State, does not attempt to exert control over the State. *Id.* at 372-73 (emphasis added).

B.     To assert such a valid ultra vires claim, the claimant "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372. Otherwise, the suit, even if seeking only prospective declaratory or injunctive relief, implicates sovereign immunity because it seeks to control state action. *See id.* However, even if the suit complains of ultra vires actions, the remedy sought cannot have the effect of awarding retrospective monetary relief against the State or other relief that would independently implicate sovereign immunity. *See id.* at 369-76; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515 (Tex. App.--Austin 2010, no pet.).

C.     Thus, sovereign or governmental immunity deprives trial courts of subject-matter jurisdiction over suits for monetary damages or other retrospective monetary relief against government entities and their officers and employees, acting in their official capacity, unless the State expressly consents. *See Heinrich*, 284 S.W.3d at 368, 380 (Tex. 2009); *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). This is true regardless whether the claimant has otherwise asserted a valid claim of ultra vires conduct. *See Heinrich*, 284 S.W.3d at 369-76; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*. 307 S.W.3d 505, 515 (Tex. App.--Austin 2010, no pet.). *Kastner vs. Texas Board of Law Examiners*, 2010 Tex. App. Lexis 6076 (Tex. App.--Austin 2010, no pet.).

### FRAUDULENT CIVIL JUDGMENT CLAIM

A.     The Texas Tort Claims Act provides for a limited waiver of sovereign immunity for non-intentional torts. *Miranda, 133 S.W.3d at 224.; TEX. CIV. PRAC. & REM. CODE §§ 101.001 - 109.* However, under *TEX. CIV. PRAC. & REM. CODE § 101.057(2).* claims arising from intentional torts are excluded from the waiver of immunity. *TEX. CIV. PRAC. & REM. CODE § 101.057(2).* In Non-Movant's Revised Petition Non-Movant pled a cause of action for "filing a false claim" and filing a "fraudulent civil judgment". Fraud is an intentional tort. *See Texas River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App. - San Antonio 2000, *pet. denied*). Additionally, Non-Movant's intentional tort claim of fraud or "false claims" are barred by sovereign immunity because the Texas Tort Claim Act does not provide a waiver of sovereign immunity to these types of claims. Under the Texas Tort Claims Act, there are only three areas in which the State and its agencies waive immunity for torts, *see* TEX. CIV. PRAC. & REM. CODE § 101.021, (1) the operation or use of a motor vehicle, (2) a premises defect, or (3) the use or misuse of property owned or controlled by the State. *See Old South Amusements, Inc.* 2010 Tex. App. Lexis 5450.

EXHIBIT: ASSISTANT ATTORNY GENERAL  GONZALEZ PURJURY CLAIM TO JUDGE MERY,NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE  TO DELAY THE COURT NOVEMBER 17, 2014.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Movants pray that the Court grant Movants' Motion to Dismiss on Plea to the Jurisdiction, and that this Honorable Court will dismiss Non-Movant's cause of action with prejudice as to the Movants and any further relief, special or general, at law or in equity, as may be shown that Movants are justly entitled to receive.

Respectfully submitted,

Greg Abbott
Attorney General of Texas

Daniel T. Hodge
First Assistant Attorney General

Randolph V. Gonzalez - SBN: 08131200
Melissa Ramos Munoz - SBN: 00786186
Attorney of Record
Child Support Division
*CHILD SUPPORT UNIT 0201E
106 S. ST. MARY'S ST., STE. 445
SAN ANTONIO TX 78205-3614*
Telephone No. *210-804-6416*
Fax No. *210-930-3625*

EXHIBIT: ASSISTANT ATTORNY GENERAL GONZALEZ PURJURY CLAIM TO JUDGE MERY,NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE TO DELAY THE COURT NOVEMBER 17, 2014.

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the below listed parties or their representatives pursuant to Rule 21a, Texas Rules of Civil Procedure, on the 5th day of September, 2014.

RANDOLPH GONZALEZ
*Attorney of Record*

**Party:**                                    **Attorney for Party:**

MICHAEL T PAUL

BRANDY L WOOLVERTON

EXHIBIT: ASSISTANT ATTORNY GENERAL GONZALEZ PURJURY CLAIM TO JUDGE MERY,NO SERVICE, DONT KNOW ANYTHING ABOUT THIS CASE TO DELAY THE COURT NOVEMBER 17, 2014.

# LIABILITY 1

| Account Number | Statement Date | Balance Due |
|---|---|---|
| 1410010194 | 12/05/14 | 1,188.80 |

Any Payments and Charges after the above
date will appear on next statement

City of San Antonio
Emergency Medical Service
621 N. Alamo
San Antonio, TX 78215

** We Accept Most Major Credit Cards **

For Assistance:
Telephone (210) 227-7252

To Pay Online Visit www.bpservice.com; Control # 14279013123

| Date | Patient | Description | Code | Amount |
|---|---|---|---|---|
| 10/01/14 | MICHAEL T PAUL | EMS SERVICE | | 1,188.80 |
| | | *** F I N A L   N O T I C E *** | | |
| | | Unless payment is received on this past-due account within | | |
| | | F I F T E E N  ( 1 5 )  D A Y S | | |
| | | It will be transferred to our collection agency. Delinquent accounts may be listed with the credit bureaus serving this area. | | |

| 1410010194 | | | 1,188.80 | | | | 1,188.80 |
|---|---|---|---|---|---|---|---|
| Account No. | Current | Over 30 Days | Over 60 Days | Over 90 Days | Over 120 Days | Date of Last Payment | Balance Due |

Pay This Amount

---

City of San Antonio
Emergency Medical Service
621 N. Alamo
San Antonio, TX 78215

EDP# 142790131

To Pay Online Visit www.bpservice.com; Control # 14279013123

IF PAYING BY CREDIT CARD FILL OUT BELOW - $25 MINIMUM

☐ VISA  ☐ MasterCard  ☐ AMERICAN EXPRESS  ☐ 

CARD HOLDER NUMBER / SECURITY CODE

AUTHORIZED SIGNATURE (AS SHOWN ON CREDIT CARD) / EXP. DATE

| ACCOUNT NO. | AMOUNT DUE | AMOUNT PAID |
|---|---|---|
| 1410010194 | 1,188.80 | $ |

C1142790131

MICHAEL T PAUL
9123 EASY ST
SAN ANTONIO TX 78266-2647

City of San Antonio
P.O. Box 158
San Antonio, TX 78291-0158

AMOUNT PAID

DETACH AND RETURN THIS STUB WITH REMITTANCE

# NPAS, Inc.

P.O. BOX 99400
LOUISVILLE, KY 40269



031322-430510686-A1



9695600

~~~~~ ~~~~~~ Party
**MICHAEL T PAUL**
**9123 EASY ST**
**SAN ANTONIO, TX 78266-2647**

Services
Provided by:     **METHODIST STONE OAK HOSPITAL**

| Patient Name: | Michael T Paul |
|---|---|
| Account Number: | 502157591 |
| Service Date(s): | 10/01/2014 - 10/02/2014 |
| Statement Date: | 12/01/2014 |
| Placement Date: | 11/01/2014 |

Contact Us
NPAS, Inc
Toll Free 1-800-223-9899 Espanol. 1-800-681-9692
MON-FRI 8AM-9PM SAT 9AM-1PM ET

Please be prepared to provide the patient/responsible party full name, date of birth and mailing address. All calls may be recorded.

## PAYMENT REQUEST

| Total Charges | Total Pymt / Adj | Current Balance | Payment Due By | Amount You Owe |
|---|---|---|---|---|
| $ 43,773.79 | $ 42,953.34 | $ 820.45 | 12/16/14 | $ 820.45 |

Our records reflect that you were previously contacted regarding the unpaid balance of the account. We urge you to send payment in full today. In the event you are unable to pay the balance in full, please contact us to discuss options for resolving your account.

METHODIST STONE OAK HOSPITAL; A METHODIST HOSPITAL FACILITY

*Insurance Information*

If the insurance information on file is incorrect, please contact us at the toll-free number above.

**Primary:**     TRAILBLAZER

*Payment Options*

 **PAY ONLINE** at your provider's website.
www.sahealth.com/billinginq.asp

 **PAY BY PHONE** at no additional cost through our automated system during or after normal business hours.

**MAIL PAYMENT** to the provider with the attached coupon at the payment address specified. Please do not send cash.



---

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Please Detach and Return This Portion With Your Payment

☐ If your address changed, check this box and complete form on back

**MICHAEL T PAUL**
**9123 EASY ST**
**SAN ANTONIO, TX 78266-2647**

Statement Date   12/01/2014

| Account Number | 502157591 |
|---|---|
| Payment Due Date | 12/16/14 |
| Balance Due | $ 820.45 |
| Payment Amount Enclosed | |

Please do not send cash. If paying by check or money order, please indicate account number and make payable to the provider.

**PLEASE DETACH THIS COUPON AND RETURN WITH PAYMENT TO ADDRESS BELOW:**

**METHODIST STONE OAK HOSPITAL**
**P.O. BOX 740794**
**CINCINNATI, OH 45274**

Credit Card Authorization (please check one)

☐ [DISCOVER]   ☐ [VISA]   ☐ [MC]   ☐ [AMEX]

Credit Card Number          Exp Date

Cardmember's Signature        $ _____ Amount

PAUL MICHAEL 00050215759103132000000820450

 **StateFarm**

## STATE FARM INSURANCE COMPANIES

### RECEIPT OF PAYMENT

PAYMENT DATE/TIME: 12-03-2014  11:54AM

**POLICYHOLDER(S)**
MICHAEL PAUL
9123 EASY ST
SAN ANTONIO, TX  78266-2647

| POLICY DESCRIPTION/POLICY NUMBER | CHECK / REF # | AMOUNT |
|---|---|---|
| SFPP - PAC SUSP-SEE<br>1115-5352-25 | 000003T3257NZ | $88.48 |

**TOTAL AMOUNT PAID:**          **$88.48**

AUTHORIZED SIGNATURE:
NICOLE GONZALES

**AGENT**
Rick Cantara. Agent
14791 IH 35 N, STE 105
Selma, TX 78154
(210) 656-3276

THANK YOU FOR YOUR PAYMENT ON THE ABOVE POLICY(IES).  PAYMENTS ARE RECEIVED SUBJECT TO COLLECTION AND POLICY PROVISIONS.  WE APPRECIATE YOUR BUSINESS.

1004258                                                        2002 142682 201 05-02-2012



PO BOX 200143
San Antonio, TX 78220
(210) 333-4287
Fax: (210) 333-6287

11/14/2014

5774 T15 ••••••••••••••••••AUTO••3-DIGIT 782
Michael Paul
9123 Easy St
Garden Ridge TX 78266-2647

RE: MICHAEL PAUL, 059174, $74.58

Dear Valued Customer

Our records indicate that your account is currently past due. Please remit your **payment by the 15th of this month to** avoid any interruption in service. If payment in full cannot be made at this time, please contact our office at (210) 333-4287 to make payment arrangements. Failure to do so will result in suspension of your services.

| DATE | INVOICE # | $ AMOUNT |
|------|-----------|----------|
| 10/1/2014 | 0000685260 | 74.58 |
| | **Total Balance** | **$74.58** |

if you have already remitted your pay, please disregard this notice.

We appreciate your business and thank you for your cooperation with this matter.

Sincerely,

The Staff at
Tiger Sanitation Inc.

BENEFIT 1

## 🏥 🛡️ Blue Cross MedicareRx (PDP)™



P.O. Box 3897
Scranton, PA 18505

*Effective Date:* January 01, 2015

### Evidence of Coverage Rider
### for People Who Get Extra Help Paying for Prescription Drugs
### (also called a Low Income Subsidy Rider or LIS Rider)

011552 / PDPTX

<u>Please keep this notice - it is part of Blue Cross MedicareRx Basic (PDP)<sup>SM</sup>'s Evidence of Coverage.</u>

Our records show that you qualify for extra help paying for your prescription drug coverage. This means that you will get help paying your monthly premium and prescription drug co-payments.

As a member of our Plan, you will receive the same coverage as someone who is not getting extra help. Your membership in our Plan will not be affected by the extra help. This also means that you must follow all the rules and procedures in the Evidence of Coverage.

Please see the chart below for a description of your prescription drug coverage:

| Your monthly plan premium is | Your yearly deductible is | Your co-payment amount for generic/preferred multi-source drugs is no more than | Your co-payment amount for all other drugs is no more than |
|---|---|---|---|
| $0.00* | $0.00 | $2.65 (each prescription) | $6.60 (each prescription) |

* The monthly plan premium does not include any Medicare Part B premium that you may still need to pay. The plan premium you pay has been calculated based on the Plan's premium and the amount of extra help you get.

Please refer to your Evidence of Coverage for more information on paying your plan premium.

---

You must continue to pay your Medicare Part B premium.

The benefit information provided is a brief summary, not a complete description of benefits. For more information contact the plan. Limitations, copayments, and restrictions may apply. Benefits, formulary, pharmacy network, provider network, premium and/or copayment/co-insurance may change on January 1 of each year.

Blue Cross MedicareRx is a prescription drug plan provided by HCSC Insurance Services Company (HISC), an Independent Licensee of the Blue Cross and Blue Shield Association. A Medicare-approved Part D sponsor. Enrollment in HISC's plan depends on contract renewal.

Y0096_ENR_TMP_LIS Rider PDP 15 Accepted 10012014

BENEFIT 2

Regarding Mr. Michael Paul with telephone number 210-294-4533, this is to confirm his application and certification form have been approved by the Texas Low Income Discount Administrator. Mr. Paul is eligible for both the Lifeline (telephone) and electric discounts. Note the electric discount runs from May through August of each year.

His certification is valid to May of 2015. Upon recertification, 7 more months' benefit will be extended per program rules.

Note his telephone carrier (Cricket) has not send the LIDA is customer record. Therefore, he is not receiving the Lifeline discount. And his energy company (CPS Energy) does not participate in the program. In order to receive the energy discount, he would need to sign up with a participating energy company.

**Dan Marion, PMP**

Account Manager – Texas LIDA

Solix, Inc. | 30 Lanidex Plaza West | Parsippany, NJ 07054
T: 973.581.5052 | M: 973.769.7587
**www.solixinc.com| Solix on Facebook | Solix on Twitter**



Transparent Solutions, Visible Results

# RBFCU ★
## rbfcu.org

P.O. Box 2097, Universal City, TX 78148-2097
**ADDRESS SERVICE REQUESTED**

MICHAEL T PAUL
9123 EASY ST
SAN ANTONIO TX 78266-2647

*Direct Inquiries to Member Services:*
*P.O. Box 2097, Universal City, TX 78148-2097*
*1-800-580-3300 / rbfcu.org*
*Routing #: 314089681*

*Thank you for your membership!*
*We're dedicated to helping members like you*
*save time, save money and earn money.*

## CHECKING SUMMARY | 9656057

Checking Rate - 0.05 | *APYE - 0.00

| Previous Statement Balance | Total Credits | Total Debits | Current Statement Balance |
|---|---|---|---|
| $3.99 | $1,385.00 | -$1,383.89 | $5.10 |

### Checking Account Deposits

| Date | Description | Amount | Date | Description | Amount |
|---|---|---|---|---|---|
| 11/02 | Deposit Internet Transfer from 379907 CK | $100.00 | 11/24 | Deposit Internet Transfer from 184402803 SAV | $1.00 |
| 11/03 | ACH Deposit SSA TREAS 310 - XXSOC SEC | $795.00 | 11/24 | Deposit Internet Transfer from 184402803 SAV | $1.00 |
| 11/12 | Deposit CashNetUSA 91411131PAYDAYADV | $450.00 | 11/29 | Deposit Internet Transfer from 184402803 SAV | $3.00 |

### Freedom Check Card & Other Transactions

| Date | Description | Amount | Date | Description | Amount |
|---|---|---|---|---|---|
| 11/02 | Withdrawal Internet Transfer to 184402803 SAV | -$10.00 | 11/11 | Point Of Sale Withdrawal RING RING WIREL 5580 FM 3009 STE 114 SCHERTZ | -$45.00 |
| 11/03 | Point Of Sale Withdrawal NORTHERN TOOL E 2505 NW Loop 410 SAN ANTONIO | -$260.00 | 11/12 | Point Of Sale Withdrawal CORNER STORE 20 17599 IH 35 N SCHERTZ TX USA | -$1.07 |
| 11/03 | ACH Withdrawal PB 855-306-9430 855-306-9430 - WEBPAYMENT | -$29.95 | 11/12 | Eff. 11-10 ACH Withdrawal PAYPAL CREDIT - CONS DRS | -$35.00 |
| 11/04 | ATM Withdrawal RBFCU 12307 NACOGDOCHES SAN ANTONIO TX US | -$40.00 | 11/12 | Eff. 11-10 ACH Withdrawal PAYPAL CREDIT - CONS DRS (Rejected) | $35.00 |
| 11/06 | Point Of Sale Withdrawal WM SUPERCENTER 6102 FM 3009 SCHERTZ TX USA | -$151.24 | 11/12 | ATM Withdrawal RBFCU 12415 OLD CONVERSE ROAD UNIVERSL CITY TXUS | -$160.00 |
| 11/06 | Point Of Sale Withdrawal TWC*TIME WARNER 1565 Chenault St 888-TWCABLE | -$145.88 | 11/14 | ACH Withdrawal CashNetUSA 914111317P4340980 - PAYDAYADV | -$88.27 |
| 11/06 | Point Of Sale Withdrawal STATE FARM INSU 3 STATE FARM PLAZA 800-956-63 | -$88.48 | 11/14 | ATM Withdrawal RBFCU 4980 FM 3009 SCHERTZ TXUS | -$40.00 |
| 11/07 | Withdrawal | -$40.00 | 11/16 | ATM Withdrawal RBFCU 4980 FM 3009 SCHERTZ TXUS | -$100.00 |
| 11/09 | Point Of Sale Withdrawal HEB #555 UNIVERSAL CITTXUS | -$46.13 | 11/17 | Withdrawal Internet Transfer to 184402803 SAV | -$5.00 |
| 11/10 | Point Of Sale Withdrawal CORNER STORE 20 17599 IH 35 N SCHERTZ TX USA | -$17.84 | 11/19 | Point Of Sale Withdrawal Super Nova 10708 PERRIN BEITEL RD San Antonio | -$13.00 |
| 11/10 | Point Of Sale Withdrawal MCDONALD'S F140 8631 BROADWAY SAN ANTONIO TX | -$8.12 | 11/19 | Point Of Sale Withdrawal CORNER STORE 20 17599 IH 35 N SCHERTZ TX USA | -$2.99 |
| 11/10 | Withdrawal | -$12.00 | 11/20 | Point Of Sale Withdrawal WAL Wal-Mart Super 92 SCHERTZ TXUS | -$38.72 |
| 11/11 | Point Of Sale Withdrawal JACK IN THE BOX 2235 NE LOOP 410 SAN ANTONIO | -$4.20 | 11/22 | Point Of Sale Withdrawal FEDEX OFFICE 0 11745 W IH 10 SAN ANTONIO TX | -$1.00 |

### Checks Cleared

No activity this statement period.

## Other Information

| Description | This Period - Checking | YTD - Checking |
|---|---|---|
| Courtesy Pay Fees | $0.00 | $0.00 |
| Insufficient Funds Fees | $0.00 | -$24.00 |
| Dividends | $0.00 | $0.01 |

## PRIMARY SAVINGS SUMMARY | 184402803

Savings Rate - 0.20 | *APYE - 0.00

| Previous Statement Balance | Total Credits | Total Debits | Current Statement Balance |
|---|---|---|---|
| $6.00 | $15.60 | -$20.60 | $1.00 |

## Primary Savings Account | Deposits & Other Transactions

| Date | Description | Amount | Date | Description | Amount |
|---|---|---|---|---|---|
| 11/02 | Deposit Internet Transfer from 9656057 CK | $10.00 | 11/18 | ACH Withdrawal LENDING CLUB - 8885963157 | -$0.60 |
| 11/10 | Withdrawal | -$15.00 | 11/24 | Withdrawal Internet Transfer to 9656057 CK | -$1.00 |
| 11/17 | Deposit Internet Transfer from 9656057 CK | $5.00 | 11/24 | Withdrawal Internet Transfer to 9656057 CK | -$1.00 |
| 11/18 | ACH Deposit LENDING CLUB - 8885963157 | $0.60 | 11/29 | Withdrawal Internet Transfer to 9656057 CK | -$3.00 |

## Other Information

| Description | This Period - Savings | YTD - Savings |
|---|---|---|
| Courtesy Pay Fees | $0.00 | $0.00 |
| Insufficient Funds Fees | $0.00 | $72.00 |
| Dividends | $0.00 | $0.03 |

*APYE: Annual Percentage Yield Earned. APYE is calculated based upon account activity and average monthly balance.

*Please examine your statement upon receipt and report any differences, irregularities, or discrepancies as specified in the RBFCU Membership Agreement.*




## Payments

### Your Details

### Payment Information

TRUSTe

# BENEFIT

 *my* Social Security

| My Home | Help Center | Security Settings |
| --- | --- | --- |

Overview    Benefit & Payment Details    Earnings Record    My Profile

⚠ **Please Note**

**Note: If your benefit has changed in recent months, your Payment Details may not show the most current amounts. You can view your current amounts by using the link below to "Get a Benefit Verification Letter."**

## Benefit Details

| Benefits | | Status |
| --- | --- | --- |
| Monthly Benefit Amount | $835.00 (before any deductions) | Active |
| Payment Schedule | 3rd of the month | |
| Next Payment Date | January 3, 2015 | |

The following information should not be used as proof of coverage. It is provided by the       Enrolled
Center for Medicare & Medicaid Services (CMS) and may not reflect recent updates.

**Part A (Hospital Insurance)**
Coverage Started:              January 2005
Monthly Premium:              $0.00 (as of January 2005)

**Part B (Medical Insurance)**
Coverage Started:              November 2011
Monthly Premium:              $0.00 (as of November 2011)

**Part C (Medicare Advantage)**
Please contact Medicare for the status of your enrollment.

**Part D (Medicare Prescription Drug Coverage)**
Please contact Medicare for the status of your enrollment.

Learn about replacing your Medicare card.

⚠ **Medicare Questions?**

Please call 1-800-633-4227 or visit www.medicare.gov for assistance. If you are deaf

---

Use the browser print button to print this page.

**Payment Method:**
**Direct Deposit** 🖋

Your monthly payments will be deposited to your account automatically.

[ Update Direct Deposit ]

Print this page

# Case # 2001CI16843

## Case Information

| | |
|---|---|
| Location | Bexar County - District Clerk |
| Date Filed | 12/20/2014 03:59:59 PM |
| Case Number | 2001CI16843 |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Individual |
| Filed By | michael paul |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.06 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $2.06 |

## Payment

| | |
|---|---|
| Account Name | bexar county cash account for appeal |
| Transaction Amount | $2.06 |
| Transaction Response | |
| Transaction ID | 5866037 |
| Order # | 003553213-0 |

## Affidavit of Inability To Pay Indigency

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Affidavit of Inability To Pay Indigency |
| Filing Description | AMMENDED AFFIDAVIT OF INABILITY TO PAY COURT COSTS FOR APPEAL |
| Reference Number | 2001-CI-16843 / 14-14-0791 |
| Comments | APPEAL AFFIDAVIT AMMENDED WITH CONTRIBUTING DOCUMENTS |
| Courtesy Copies | James.Abanaka@bexar.org |
| Status | Submitting |

## Fees

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| SCOT GRAYDON<br>SCOT.GRAYDON@TEXASATTORNEYGENERAL.GOV | | EServe | Not Sent | No | Not Opened |
| GREG ABBOTT<br>greg.abbott@texasattorneygeneral.gov | TEXAS ATTORNEY GENERAL | EServe | Not Sent | No | Not Opened |

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2014, a copy of the foregoing was served on the following pursuant to the Texas Rules of Civil Procedure:

\*\*\* COPIES WILL BE GIVEN IN COURT MONDAY MORNING AT 9:00 AM

SINCE THESE EMAIL DELIVERY NOTICES WILL STILL BE IN TRANSIT.

Scott M. Graydon
Assistant Attorney General
P.O. Box 12584
Austin, Texas 78711,2548

Donna Kay McKinney
Bexar County District Clerk
101 W Nueva, Suite 217
San Antonio, TX 78205-3411
(210) 335-2113

Michael Thomas Paul
9123 Easy Street
San Antonio, Texas 78266
210-294-4533

/s/ *Michael Thomas Paul*

II 75.00004500372.vl  995

2



## COURT OF APPEALS

CATHERINE STONE
 CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
 JUSTICES

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

December 15, 2014

Scot Macdonald Graydon
Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548
* DELIVERED VIA E-MAIL *

Michael Thomas Paul
9123 Easy Street
San Antonio, TX 78266

RE:     Court of Appeals Number:     04-14-00791-CV
        Trial Court Case Number:     2001-CI-16843
Style:  Michael Thomas Paul
        v.
        Greg Abbot Attoreny General for the State of Texas

The copy of appellant notice of appeal in the above styled and numbered cause has this date been filed or conditionally filed.

The fee for filing appeals in this court from the district or county is $195.00. The fee must be paid at the time the notice of appeal is filed. In addition, this court charges an additional fee of $10.00 for the filing of any motion. Any delay in remitting a filing fee will delay the processing of your appeal and the court's ruling on pending motions. *See* TEX. R. APP. P. 5.

Our records do not reflect payment of the $195.00 fee. Please remit the filing fee no later than December 29, 2014. If the fee is not paid within the time allotted, the matter will be referred to the court, and the appeal is subject to being stricken by the court. *See* TEX. R. APP. P. 5. In accordance with TEX. R. APP. P. 32 and 4TH TEX. APP. (SAN ANTONIO) LOC. R. 5.2., a docketing statement must be filed with the notice of appeal. Our records do not contain a docketing statement for this appeal. Please ensure that a docketing statement is immediately filed to ensure prompt processing of the appeal. The Appellant's docketing statement is due from <u>Michael Thomas Paul.</u> The docketing statement is to be filed with this court by December 29, 2014.

The appellate record generally must be filed in this court within 60 days after the date of judgment is signed. *See* TEX. R. APP. P. 35.1.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 3219

cc:    Donna Kay McKinney (DELIVERED VIA E-MAIL)
       Dinah L. Gaines (DELIVERED VIA E-MAIL)

